# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212 513 3200 | F 212 385 9010
Holland & Knight LLP | www.hklaw.com

Michael J. Frevola
(212) 513-3516
michael.frevola@hklaw.com

March 31, 2016

*VIA ECF*

Honorable Ronnie Abrams
United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

        Re:    *Moti Shipping Ltd. v. DNV GL Group AS et al.*,
               U.S.D.C., S.D.N.Y., 16-cv-0138-RA

Honorable Madam:

Plaintiff Moti Shipping Ltd. ("Moti") and Defendants DNV GL Group AS, DNV GL AS (collectively, the "Norwegian Defendants"), and DET NORSKE VERITAS (U.S.A.), INC. ("DNV USA") (the Norwegian Defendants and DNV USA will collectively be referred to as "Defendants") jointly submit this letter and the attached conditional Civil Case Management Plan and Scheduling Order in accordance with Rule 2(B) of Your Honor's Individual Rules & Practices in Civil Cases and in preparation for next week's Rule 16 Initial Case Management Conference.

The attached Civil Case Management Plan and Scheduling Order is described as "conditional" because the parties disagree on whether it should be issued at this juncture. Defendants take the position that the Civil Case Management Plan and Scheduling Order should not issue until after this Court decides Defendants' pending motion to dismiss for lack of jurisdiction, *forum non conveniens*, and failure to state a plausible claim for relief. Defendants therefore do not agree with the proposed schedule provided in the attached Civil Case Management Plan and Scheduling Order. Plaintiff is unaware of any reason why proceedings in this case should not move forward despite the pendency of Defendants' motion to dismiss. The attached Civil Case Management Plan and Scheduling Order assumes that the Court decides not to postpone its issuance of the Civil Case Management Plan and Scheduling Order.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston
Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando | Portland
San Francisco | Stamford | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

010-8209-2331/1/AMERICAS

Honorable Ronnie Abrams
March 31, 2016
Page 2

In compliance with the Court's Order of January 8, 2016 [Doc. No. 13], the parties provide the following information:

1. Plaintiff's claim relates to a maritime casualty sustained by the *M/V DARYA MOTI* (the "Vessel") while the Vessel was en route to the United States to deliver a cargo to a U.S. consignee. The marine casualty was the loss of the Vessel's rudder in calm seas when the Vessel was only three years old – an event which (in Plaintiff's view) should not occur if the Vessel's design was sound. Plaintiff claims that Defendants were negligent in their actions and/or representations regarding the Vessel's design, as well as reckless in permitting the design flaw to remain in the Vessel's plans. Defendants' primary defenses are, as expressed in the motion filed on March 21st, that the Court lacks subject matter and personal jurisdiction to consider Plaintiff's claims and that Plaintiff's complaint fails to state a plausible claim for relief. Defendants did not build the Vessel. Defendants submit that they did not design the Vessel. Even if Plaintiff had articulated a plausible claim for relief, Defendants believe that the forum selection clause of the contract should govern and Plaintiff's claim should be considered by a tribunal in Oslo, Norway.

2. Plaintiff's position on this Court's *in personam* jurisdiction over Defendants is that Defendant DNV USA is registered to do business in New York as a foreign (Texas) corporation. Registration in New York subjects DNV USA to this Court's *in personam* jurisdiction. As will be detailed in Plaintiff's amended complaint and in Plaintiff's opposition to Defendants' motion to dismiss, DNV USA and the Norwegian Defendants are alter egos for jurisdictional purposes as DNV USA performs significant portions of the Norwegian Defendants' business in the United States. With respect to Defendants' suggestion that a forum selection clause governs these disputes, Plaintiff's claim is not based on contract. Furthermore, the contracts to which Defendants' refer in support of their position do not relate to the services Plaintiff claims were negligent/reckless, plus there is not a uniformity in Defendants' claimed forum selection clauses pointing to one definitive jurisdiction. Defendants' position is that jurisdiction and venue do not lie in this Court. As detailed in Defendants' motion, this Court's lacks both subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over *all* Defendants. The Norwegian Defendants are incorporated in Norway, with their principal place of business in Norway. DNV USA is incorporated in Texas with its principal place of business in the greater Houston area.

3. On March 21st, Defendants filed a motion to dismiss for (1) for lack of subject matter jurisdiction, (2) for lack of personal jurisdiction, (3) upon the doctrine of *forum non*

*conveniens* because of a mandatory forum selection clause, and, (4) for failure to state a plausible claim for relief. [Doc Nos. 19-22]. No response has yet been filed and Plaintiff has indicated that they would like 60 days to file a response. Defendants consented to that request, but did not anticipate that any discovery would take place during this extended time for response.

4. No discovery has taken place. Plaintiff views as critical discovery relating to what Defendants knew about the rudder system weaknesses and when the Defendants knew of those weaknesses (as well as whether any of the DOE DEFENDANTS likewise were involved and should be added as defendants). Furthermore, the question of what financial incentives existed for Defendants to approve/consent to the rudder design relate to Defendants' motives in not correcting the design defect. In light of the grounds for the pending motion, Defendants believe that discovery should not commence until the motion is resolved. It is Defendants' position that the Court should have the opportunity to determine its jurisdiction over this matter and over the Defendants as well as whether a plausible claim for relief exists, before Defendants are subject to the burden and expense of engaging in discovery – particularly where the overwhelming majority of relevant records are likely in foreign jurisdictions.

5. Discussions occurred overseas between Hong Kong counsel for Plaintiff and Defendants' representatives over the course of a number of months without any progress being made. Defendants believe that the prospect of settlement is unlikely at this time.

6. Given Defendants' position regarding the lack of jurisdiction, Defendants cannot at this time provide an estimated length of time of a trial in this Court.

Plaintiff also takes this opportunity to notify the Court and Defendants under Rule 4(C) of Your Honor's Individual Rules & Practices in Civil Cases that Plaintiff intends to file an amended complaint on or before Friday, April 22, 2016.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        By: */s/ Michael J. Frevola*
            Michael J. Frevola

MJF/pb
Encs.