UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOTI SHIPPING LTD.

                Plaintiff,

- against -

DNV GL GROUP AS f/k/a DET NORSKE VERITAS AS, DNV GL AS, DET NORSKE VERITAS (USA) INC., JOHN DOE, INC. #1 through JOHN DOE, INC. #50, unknown companies in the DNV GL GROUP AS corporate family,

                Defendants.

No. 16 Civ. 0138 (RA)

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

RONNIE ABRAMS, United States District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties [consent _____ / do not consent __X__) to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remainder of the Order need not be completed at this time.*]

2. The parties [have __X__ / have not _____] engaged in settlement discussions.

3. This case [is _____ / is not __X__] to be tried to a jury.

4. No additional parties may be joined after __December 30, 2016__ without leave of the Court.

5. No amendments to the pleadings may be made after __December 30, 2016__ without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than __May 13, 2016__. *[Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).]*

7. All fact discovery is to be completed no later than __April 28, 2017__.
*[A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances.]*

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __August 4, 2016__.

    b. Interrogatories shall be served by __October 27, 2016__.

#40112106_v1

    c. Depositions shall be completed by <u>     April 28, 2017          </u>.

    d. Requests to Admit shall be served no later than <u>  February 24, 2017        </u>.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by <u>    July 28, 2017          </u>. [The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]

10. All discovery shall be completed no later than <u>  July 28, 2017           </u>.

11. The Court will conduct a post-discovery conference on _____ at _____. [To be completed by the Court.] No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

#40112106_v1

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. \_\_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

    b. \_\_\_\_\_ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).*]

    c. \_\_x\_\_ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is \_\_8 days\_\_.

SO ORDERED.

Dated: _____
New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge